FILED
CLERK
11/13/2017 3:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMARA B. SCHWARTZ,

                        Plaintiff,

     -against-

THE NEW YORK STATE INSURANCE FUND,
RYAN MCGRATH, ALYCE SIEGEL,
MARILYN LARRETTA,

                       Defendants.
----------------------------------------------------------------X

**ORDER**
16-CV-04527(JMA)(SIL)

**AZRACK, United States District Judge:**

    *Pro se* plaintiff Amara B. Schwartz ("plaintiff") brings this action against the New York State Insurance Fund, Ryan McGrath, Alyce Siegel, and Marilyn Larretta (collectively, "defendants") seeking to challenge, *inter alia*, discrimination in employment based on her race pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq*. Plaintiff alleges that the location of her place of employment as well as the location of all the defendants is 100 Church Street, New York. (Compl. ¶¶ B-C.) Plaintiff paid the $400 filing fee to commence this action.

    Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the vast majority of events giving rise to plaintiff's claims are alleged to have occurred at 100 Church Street, New York. This address is located in New York

County, New York and New York County is within the Southern District of New York. *See* 28 U.S.C. § 112(b). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Southern District of New York.

In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. *See New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where the operative facts did not occur there. *See Iragorri v. United Technologies Corp.,* 274 F.3d 65, 72 (2d Cir. 2001).

In this case, the Court concludes, based on the totality of circumstances, that it is in the interest of justice to transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York.[1] Specifically, there appears to be little connection between this lawsuit and the Eastern District of New York other than plaintiff's residence in Nassau County and a few events concerning a worksite in Jamaica, Queens. However, the vast majority of the events giving rise to her alleged claims have taken place in the Southern District of New York.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York under § 1404(a). The Clerk of the Court is further directed to mail a copy of this Order to the plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. §1915(a) (3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

---

[1] On September 12, 2017, the Court issued an ORDER TO SHOW CAUSE directing plaintiff to file a letter with the Court by October 3, 2017 if she opposes transfer of this case to the Southern District of New York. Plaintiff has not filed anything with the Court since the September 12, 2017 ORDER TO SHOW CAUSE.

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: November 13, 2017  
       Central Islip, New York

SO ORDERED.

    /s/ (JMA)  
Joan M. Azrack  
United States District Judge